STATE ex rel. Lonnie MATTHEWS, Relator,

v.

The Honorable Michael MALONEY, Respondent.

No. SC 86072.

Supreme Court of Missouri, En Banc.

Feb. 15, 2005.

---

Michael J. Gunter, Kansas City, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels, Andrew W. Hassell, Assistant Attorneys General, Jefferson City, Donald T. Norris, Clay County Prosecuting Attorney, Liberty, for respondent.

## ORIGINAL PROCEEDING
## IN MANDAMUS

STEPHEN N. LIMBAUGH, JR., Judge.

This is an original proceeding in mandamus in which relator seeks an order directing respondent to request a report from the department of corrections and then to consider relator for release from custody under section 558.016.8, RSMo Supp.2003. The specific question presented is whether the conviction for which relator is incarcerated—the class D felony of attempted assault in the second degree, a crime based on relator's criminal negligence in causing injury to another person while operating a motor vehicle in an intoxicated condition—qualifies as a "nonviolent" class D felony to trigger the provisions of section 558.016.8.

This Court issued its alternative writ, which is now made peremptory.

Relator, the defendant in the underlying criminal case, pleaded guilty to the charge, admitting the essential elements as set out in sections 565.060(4) and 564.011, to wit:

> [that he] attempted to operate a motor vehicle while under the influence of alcohol and acted with criminal negligence in that [he] was driving northbound in the southbound lanes of U.S. Highway 169 and caused physical injury to Candace Crawford by colliding with a vehicle in which she was an occupant, and such conduct was a substantial step toward the commission of the crime of assault in the second degree, and was done for the purpose of committing such assault in the second degree.

On the basis of the plea, relator was sentenced to a term of five years in the department of corrections.

As noted, while incarcerated, relator filed a "petition for release" pursuant to section 558.016.8, which states in pertinent part:

> An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted unless the court deems it necessary. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody. If the report issued by the department is favorable and recommends probation, pa-

role, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate. . . .

In his petition, relator alleged that he was eligible for release and that respondent was required to request a report regarding relator's conduct from the department of corrections in that he had been convicted of a nonviolent class C or class D felony, he had no prior prison commitments, and he had served more than 120 days of his sentence. Respondent, however, determined that the conviction for attempted assault in the second degree was a violent felony, so that relator was not eligible for release and a request for a report from the department of corrections was not warranted.

Resolution of this case turns simply on the application of another statute, section 217.010, RSMo 2000, that defines the terms used in chapter 217 (pertaining to the department of corrections) and chapter 558 (pertaining to imprisonment). In pertinent part, section 217.010 states:

As used in this chapter and chapter 558, RSMo, unless the context clearly indicates otherwise, the following terms shall mean:

\* \* \*

(11) "Nonviolent offender", any offender who is convicted of a crime other than murder in the first or second degree, involuntary manslaughter, kidnapping, forcible rape, forcible sodomy, robbery in the first degree or assault in the first degree.

\* \* \*

Under this section, a nonviolent offender is necessarily one who has committed a nonviolent offense, and it follows that a nonviolent offense is any offense not specifically listed in section 217.010(11). In other words, in defining the term "nonviolent offender," the statute necessarily defines the universe of nonviolent offenses. Therefore, a "nonviolent class C or class D felony," as those words are used in section 558.016.8, is any class C or class D felony that is not specifically listed in section 217.010. In this case, because attempted assault in the second degree is not specifically listed in section 217.010, it is a nonviolent offense.

To the contrary, the state maintains that section 217.010(11) does not control the definition of "nonviolent" as used in section 558.016.8. The contention is that in the context of the respective statutes, the definition of "nonviolent offender" in section 217.010 refers only to "the classification of offenders for the purposes of eligibility and placement in Department of Corrections in-prison programs," not to "the classification of offenses for the purpose of determining the proper sentence for an offender." That distinction is untenable, however, given the fact that the section 217.010 definition of "nonviolent offender" applies without limitation to all uses of the term in both chapter 217 and chapter 558.

In addition, the state argues that "it strains reason to believe that the list of offenses in the statute is an exclusive list of violent offenses" because the list does not include a number of obviously violent offenses such as domestic assault in the first and second degrees, sections 565.072 and 565.073, RSMo 2000, assault on a law enforcement officer in the first and second degrees, sections 565.081 and 565.082, RSMo 2000, robbery in the second degree, sec. 569.030, RSMo 2000, and several others. This argument, though, overlooks the express qualification in section 217.010 that the terms defined, which include the term "nonviolent offender," shall apply "unless the context clearly indicates otherwise." In theory, at least, this qualification suggests that there are indeed other offenses that, if the context of the statute

defining the offense is clear, can and should be classified as violent and that the specified list of violent crimes in the statute (or rather the list of non-nonviolent crimes) is not exclusive. Whatever application that qualification may have to other offenses, it surely does not apply to the offense here of attempted assault in the second degree. This is an offense that is committed merely by criminal negligence as opposed to an offense that is committed with the purpose or knowledge that harm will be inflicted. That fact alone precludes a finding that "the context clearly indicates otherwise," that is, that the context of the statutes defining the offense clearly indicates that the offense should be classified as violent even though it is not among the offenses listed in section 217.010(11).

In sum, this Court holds that the offense of attempted assault in the second degree as charged against relator is a nonviolent offense for purposes of section 558.016.8. Accordingly, relator is eligible to seek release from custody under the statute, and respondent shall request from the department of corrections a report evaluating relator's conduct while in custody. The alternative writ of mandamus is made peremptory.

All concur.