**William COOPER, Appellant,**

v.

**Governor Robert HOLDEN, et al., Respondent.**

No. WD 65674.

Missouri Court of Appeals,
Western District.

March 21, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 2006.

William Cooper, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Andrew W. Hassell, Asst. Attorney General, joins on the briefs, for Respondent.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE, and JAMES M. SMART, JR., JJ.

PER CURIAM.

William Cooper appeals the trial court's grant of the motion of respondents, Holden,[1] Kempker, Agniel, Lock, Loethen, White, and Byrd (hereinafter referred to as "the State"), for judgment on the pleadings and denial of the petition for declaratory judgment. We affirm.

### Factual Background

Cooper is currently serving a life sentence for murder in the second degree. He was sentenced in Jackson County in 1981. His sentence was upheld by this court in *State v. Cooper,* 660 S.W.2d 184 (Mo.App.1983), as was the denial of his Rule 27.26 motion in *Cooper v. State,* 784 S.W.2d 621 (Mo.App.1990).

On January 6, 2003, the Parole Board scheduled Cooper for parole on December 7, 2005.[2] Cooper filed this action for a declaratory judgment on December 1, 2004. His petition sought numerous forms of relief, but primarily it sought the appli-

---

**1.** The Honorable Robert Holden, one of the named defendants, is no longer the Governor of Missouri. No party has moved to substitute the current Governor, the Honorable Matthew Roy Blunt, in his stead. The failure to substitute does not affect our jurisdiction or the merits of the case.

**2.** This court notes that the Parole Board canceled this parole date on September 26, 2005, and a new parole hearing was held in December 2005 to issue a new date. The change in date is not determinative to the outcome in this case.

cation of twenty-five months of "good-time credit" applied toward his parole release date of December 7, 2005. The circuit court granted the State's motion for judgment on the pleadings and denied Cooper's petition for declaratory judgment. This appeal follows.

## Standard of Review

■ When reviewing a declaratory judgment, an appellate court's standard of review is the same as in any other court-tried case. *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001). Thus, the trial court's decision should be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

Cooper raises eight points on appeal. Points I and II raise the issue of whether good-time credit should apply to his December 7, 2005, release date. Points III and IV raise the issue of whether the administrative rules and regulations relevant to applying good-time credit toward conditional release were promulgated and applied properly. Point V raises the issue of whether the Governor acted inappropriately by failing to grant him a reprieve, commutation, or pardon. Points VI, VII, and VIII raise the issue of whether the circuit court erred in adopting the State's proposed judgment that did not address each claim and prayer for relief and was based upon the pleadings.

## I.

Cooper's first issue on appeal is whether he should receive good-time credit applied

to his parole date of December 7, 2005. He argues that he is entitled to a conditional release date based upon section 558.011, RSMo 1978, the statute in effect at the time of his sentencing. The circuit court determined that conditional release was a statutorily created entitlement that the General Assembly can clarify and alter without violating constitutional restrictions, including the Due Process Clause and the Ex Post Facto Clause. The applicable conditional release statute is section 558.011, RSMo 2000. That statute provides for conditional release only for persons sentenced to a term of years, who have not been convicted of a dangerous felony as described in section 556.061 [3] or who have not been remanded four or more times to the Department of Corrections.

Cooper was convicted of murder in the second degree, a dangerous felony under section 556.061, and sentenced to life imprisonment. Because of each of these factors, Cooper is not eligible for conditional release. No conditional release term has been determined. Instead, the Parole Board granted Cooper a parole date of December 7, 2005.

■ "Conditional release" and "parole" are neither identical nor interchangeable terms, although "[c]onditional release is akin to parole." *Rowland v. State*, 129 S.W.3d 507, 511 (Mo.App.2004). When a sentence of imprisonment is imposed, it consists of a "prison term," which the offender is required to serve prior to being eligible for conditional release. 14 C.S.R. 10–5.010(1)(F). Senate Bill 60 first introduced the term "conditional release" to the Missouri Statutes in 1977. The comments by the drafters to section 558.011 stated that "[t]he 'conditional release term' is the

---

**3.** All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise

indicated.

maximum length of time a person must satisfactorily serve on parole before he is finally discharged, regardless of the point in time when he is released from his confinement in prison." Comment to 1973 Proposed Code, § 558.011, V.A.M.S. (1999). This comment means that regardless of when an offender may be paroled, his or her sentence has not been fulfilled until the statutory requirements of the sentence are met. *See Johnson v. Mo. Bd. of Prob. & Parole*, 92 S.W.3d 107 (Mo.App. 2002).

The operation of conditional release is specifically dictated by statute. Section 558.011.4(1) specifies that the last few years of a sentence, up to a maximum of five years for sentences over fifteen years, is the conditional release term.[4] The portion of the sentence prior to the conditional release term is the prison term. While the statute thus sets boundaries as to the maximum period of the sentence that could be the conditional release term, the statute also allows the Parole Board discretion in determining the conditional release term up to the maximum. § 558.011.5.

Parole, on the other hand, is almost entirely within the discretion of the Parole Board. Section 217.690 allows the Board to determine if and when an offender may be released on parole. The Code of State Regulations sets forth the guidelines under which the Board is to determine the parole eligibility of an offender. 14 C.S.R. 80–2.010. With the exceptions of the mandatory minimum sentences set forth in statutes or 14 C.S.R. 80–2.010, offenders can be paroled virtually anytime during their sentence at the discretion of the Parole Board under conditions set by the Board. This also means that the Parole Board can deny parole to an offender throughout his or her entire sentence.

Although parole and conditional release are similar, the legislature and courts have distinguished between the two procedures. For example, section 217.690.6 limits the parole eligibility of an offender sentenced for first-degree murder, but the section explicitly states that "this subsection shall not prevent a release pursuant to subsection 4 of section 558.011 [the conditional release statute]." Further, this court stated in *Johnson v. Missouri Board of Probation & Parole*, 92 S.W.3d 107 (Mo.App. 2002), that "the conditional release statute had no bearing on the [Parole] Board's ability to revoke [the offender's] parole." *Id.* at 113. We also noted that when the offender was paroled, he had not yet reached his conditional release date. *Id.*

In sum, the Parole Board has nearly unlimited discretion in releasing an offender on parole. In setting a conditional release date, however, the Board is limited by the parameters set forth in section 558.011.4(1)(c).

In this case, Cooper was sentenced to life imprisonment. Section

---

4. Section 558.011.4(1), RSMo (2004 Supp.) states as follows:
   A sentence of imprisonment for a term of years for felonies other than dangerous felonies as defined in section 556.061, RSMo, and other than sentences of imprisonment which involve the individual's fourth or subsequent remand to the department of corrections shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:
   (a) One-third for terms of nine years or less;
   (b) Three years for terms between nine and fifteen years;
   (c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term. The prison term may be extended by the board of probation and parole pursuant to subsection 5 of this section.

558.011.4(1)(c) was amended by H.B. 974 in 1990 to eliminate the reference to life imprisonment. Cooper argues that according to the statute in effect when he was sentenced in 1981, a life sentence contains a conditional release term.

■ Even if Cooper were correct that there was an implied, but unspecified, conditional release term, it would make no difference as to his sentence because the change would have been procedural in nature. The amendment changed only the powers delegated to the Parole Board. There are two exceptions to the rule that an amended law may not be applied retroactively. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974). The first is when the legislature manifests a clear intent that the change applies retroactively. *Id.* The second is when the change is procedural in nature and does not affect any substantive rights of the parties. *Id.* In this case, the change to section 558.011.4(1)(c) did not affect a substantive right. To have an entitlement to a conditional release, the date of release must be established. *Elliott v. Carnahan*, 916 S.W.2d 239, 241 (Mo.App.1995). Cooper did not have a conditional release date established when H.B. 974 took effect in 1990. As a result, the procedural change in how the Parole Board determines conditional release terms did not affect a substantive right of Cooper. Therefore, the procedural change may be applied to him.

■ When the Parole Board met on January 6, 2003, it was authorized only to set a parole date for Cooper, not a conditional release date. "Good time" credit applies only as to a conditional release date.

14 C.S.R. 10–5.010(2)(A).[5] 14 C.S.R. 10–5.010(2)(B)(3) states that an inmate serving a life sentence is not eligible for "good time" credit. Cooper is serving a life sentence and does not have a conditional release date. Therefore, he cannot be awarded "good time" credit. We deny his first two points.

## II.

■ The next issue is whether the Department of Correction's rules governing "good time" credit were promulgated and applied correctly. The "good time" credit rule, 14 C.S.R. 10–5.010, was promulgated under the authority of section 558.041. The statute provides freedom for the Department of Corrections to create and implement a "good time" credit policy it deems appropriate. "A regulation is valid 'unless unreasonable and plainly inconsistent' with the statute under which the regulation was promulgated." *Linton v. Mo. Veterinary Med. Bd.*, 988 S.W.2d 513, 517 (Mo. banc 1999) (*quoting Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197 (Mo. banc 1972)). The "good time" credit policy set forth in 14 C.S.R. 10–5.010 falls squarely within the discretion given to the Department by the General Assembly in section 558.041.

Further, under the policy set forth by the Department of Corrections, "good time" credit is calculated only from the conditional release date. As stated above, Cooper does not have a conditional release date and thus is not eligible for "good time" credit. The rule setting forth the "good time" credit policy is valid under the authority granted by the General Assembly and Cooper is not eligible under that

---

**5.** Section 558.041 provides the authority for the promulgation of this rule. This authority was not granted until the General Assembly passed H.B. 671 in 1983. In order for the "good time" credit to apply to Cooper as he claims, it must apply retroactively. This is not a problem, as the application of "good time" credit is procedural, like the application of the conditional release term, and applies retroactively.

policy. We deny his third and fourth points.

## III.

The next issue is whether the Governor acted inappropriately by failing to grant Cooper a reprieve, commutation, or pardon. The power of commutation rests purely within the discretion of the governor. *Whitaker v. State,* 451 S.W.2d 11, 15 (Mo.1970). "[A] pardon or commutation is a mere matter of grace, and until this act of clemency is fully performed, neither benefit nor rights can be claimed under it." *Ex parte Reno,* 66 Mo. 266, 269 (1877). Cooper's claim for a reprieve, commutation, or pardon is meritless, and one over which we have no jurisdiction. We dismiss his fifth point.

## IV.

Cooper's fourth issue on appeal is whether the circuit court erred in adopting the State's proposed judgment because it did not address each claim and prayer for relief and was based upon the pleadings. He argues that the trial court ignored material facts and erroneously applied or declared the law to the facts by adopting the State's proposed judgment. "In the absence of independent evidence that the court failed to thoughtfully and carefully consider the claims, 'there is no constitutional problem with the court adopting in whole or in part the findings of fact and conclusions of law drafted by one of the parties.'" *State v. Ferguson,* 20 S.W.3d 485, 510 (Mo. banc 2000) (*quoting State v. Kenley,* 952 S.W.2d 250, 261 (Mo. banc 1997)). Following our analysis above, Cooper fails to show how the circuit court failed to correctly apply the law to the limited material facts. Accordingly, his sixth point fails.

In his seventh point, Cooper argues that the circuit court failed to address each and every allegation, claim, or prayer in his petition. He correctly states that as a general rule, a full and complete declaration of all issues pertaining to the parties must be made prior to entering a final judgment. *Shelter Mut. Ins. Co. v. Kramer,* 741 S.W.2d 302, 303 (Mo.App.1987). In contrast to Cooper's claim, however, the circuit court dealt with all of the claims presented. There was one overarching claim to his petition, application of "good time" credit to his parole date. When the trial court found that "good time" credit did not apply, all of the other claims and contentions necessarily failed. It was unnecessary for the circuit court to address all the subsidiary claims when the parent claim was fully examined and found not to provide a legally protected interest in a conditional release date. Accordingly, his seventh point fails.

Finally, Cooper argues that the State's motion for judgment on the pleadings was improper. Both his petition and the State's answer were filed at the time the motion was made. Once the answer has been filed, a motion for judgment on the pleadings is proper. *Bramon v. U–Haul, Inc.,* 945 S.W.2d 676, 679 (Mo.App. 1997) (*citing* Rule 55.27(b)). Cooper fails to show that a material issue of fact, rather than opposing legal theories, existed at the close of pleadings. Accordingly, his eighth point fails.

## Conclusion

The judgment of the trial court is affirmed.