**Joe M. EDGER, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 71395.**

Missouri Court of Appeals,
Western District.

April 20, 2010.

Joe M. Edger, Appellant pro-se.

Michael J. Spillane for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and GARY D. WITT, Judge.

VICTOR C. HOWARD, Judge.

Joe Edger appeals the summary judgment entered in favor of the Missouri Board of Probation and Parole (Parole Board) on his petition seeking a declaration that he became eligible for parole on November 2, 2005, based on the calculation of his minimum term for eligibility for parole. The trial court found that he will not become parole eligible until February 3, 2014, or until he has served an aggregate term of 15.5 years on his consecutive sentences. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

On June 26, 1998, Edger was sentenced, as a persistent offender, to two fifteen-year terms of imprisonment for two counts of stealing a motor vehicle and one ten-year term of imprisonment for resisting arrest. The sentences were to run concurrently. He began serving the sentences the same day.

In April 2000, Edger attempted to escape. He was subsequently convicted of attempt to escape confinement and was sentenced on November 2, 2001, to eight years imprisonment to run consecutively to his prior sentences.

In December 2004, the Parole Board calculated that Edger would be eligible for parole on February 3, 2014. The Parole Board determined that the eight-year sentence for attempted escape has a fifty percent mandatory minimum prison term, or four years, and that the sentence would not begin to run until February 3, 2010. February 3, 2010, is the conditional release date for Edger's previous fifteen-year sentence.

Edger filed his petition for declaratory judgment in June 2008 arguing that his parole eligibility date was November 2, 2005, not February 3, 2014. Edger calculated that he became parole eligible on his first fifteen-year sentence after twenty-five percent of the sentence, or three years and nine months, under 14 CSR 80–2.010(1)(b). He acknowledged that he must serve the minimum prison term of fifty percent of

his eight-year sentence under section 558.019.2(2), RSMo Cum.Supp.2009. Pursuant to section 217.690.5, RSMo Cum. Supp.2009, Edger added the minimum terms for parole eligibility for each of the consecutive sentences for a total of seven years and nine months making him eligible for parole on November 2, 2005.

Thereafter, the parties filed cross motions for summary judgment. The trial court granted summary judgment in favor of the Parole Board finding that Edger will not become parole eligible until February 3, 2014, or until he has served an aggregate term of 15.5 years on his consecutive sentences. This appeal by Edger followed.

■ In his sole point on appeal, Edger contends that the trial court erred in entering summary judgment in favor of the Parole Board because the Parole Board violated section 217.690.5 in calculating his parole eligibility date.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376.

Section 217.690, RSMo Cum.Supp.2009, is the general parole statute. Subsection 5 of the statute provides a formula for calculating the minimum term of parole eligibility for an offender with consecutive sentences:

When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term of parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence. § 217.690.5.

The parties do not dispute that Edger's eight-year sentence for attempted escape has a fifty percent mandatory minimum prison term under section 558.019.2(2), RSMo Cum.Supp.2009. That statute provides:

If the offender has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be fifty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed; whichever comes first.

§ 558.019.2(2). Because Edger has two prior commitments to the Department of Corrections, he must serve four years of his eight-year sentence. The parties disagree, however, on the minimum term for parole eligibility on Edger's fifteen-year sentence for stealing a motor vehicle.

Section 217.690 authorizes the Parole Board to adopt rules regarding parole eligibility and hearings. § 217.690.4. Fourteen CSR 80–2.010 sets forth the guidelines under which the Parole Board is to determine the parole eligibility of an offender. *Cooper v. Holden*, 189 S.W.3d 614, 618 (Mo.App. W.D.2006). Under the rules, an offender convicted of an enhanced non-violent class C or D offense is eligible for parole after twenty-five percent of the maximum sentence has been served, except where statute would require more time to be served. 14 CSR 80–2.010(1)(B). Under this rule, Edger would be eligible for parole on his fifteen year sentence after serving three years and nine months. If Edger's argument is correct, this mini-

mum term is added to the minimum term of four years for the attempted escape for a total of seven years and nine months before he is eligible for parole.

The Parole Board contends, however, that this rule does not apply to calculate the minimum term for parole eligibility on Edger's first sentence because statutes require more time to be served. It argues that because the purpose of section 558.019 is to punish a repeat offender for his latest offense based on his demonstrated propensity for misconduct, it would be an unreasonable result in this case to declare Edger eligible for parole before he even starts to serve the attempted escape sentence. Implicit in the Parole Board's argument is that section 558.011.4(1)(b), which specifies conditional release terms for various sentences, requires Edger to serve twelve years of his previous fifteen-year sentence before being eligible for parole. A sentence of imprisonment consists of a prison term and a conditional release term. *Cooper*, 189 S.W.3d at 617. During the last few years of a sentence, the conditional release term, an offender is discharged from prison under the supervision of Parole Board. Section 558.011.4(1)(b) provides that the conditional release term for a fifteen year sentence is three years. Thus, a sentence of fifteen years consists of a prison term of twelve years and a conditional release term of three years. An offender is required to serve the mandated minimum prison term of his sentence before being eligible for conditional release. *Cooper*, 189 S.W.3d at 617.

While conditional release is akin to parole, the two are not identical or interchangeable terms. *Id.* The operation of conditional release is specifically dictated by statute, while parole is almost entirely left to the discretion of the Parole Board. *Id.* at 618. Section 558.011.4 specifies the time tables under which an offender is entitled to be conditionally released, although a conditional release date can be extended if the procedures of section 558.011.5 are followed. *Id.* On the other hand, section 217.690 allows the Parole Board to determine if and when an offender may be released on parole. *Id.* "With the exceptions of the mandatory minimum sentences set forth in statutes or 14 CSR 80–2.010, offenders can be paroled virtually any time during their sentence at the discretion of the Parole Board under conditions set by the Board." *Id.* Likewise, the Parole Board can deny parole to an offender throughout his entire sentence. *Id.*

Section 558.011.4 does not provide support for the Parole Board's argument in this case. It merely sets forth terms of conditional release for various prison sentences. The legislature has explicitly provided in section 217.690.5 a method for calculating parole eligibility for an offender with consecutive sentences by adding together the minimum terms for parole eligibility for each consecutive sentence. The minimum term for parole eligibility of Edger's fifteen year sentence under 14 CSR 80–2.010(1)(B) is three years and nine months. The minimum prison term on his eight year sentence is four years under section 558.019.2(2). Edger must serve seven years and nine months before being eligible for parole. The trial court erred in granting summary judgment in favor of the Parole Board. Edger's point is granted.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.