**Karen Ray WESTCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

### No. WD 73934.

Missouri Court of Appeals, Western District.

March 6, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2012.

See also, 857 S.W.2d 393.

Karen Ray Westcott, Appellant Pro Se.

Robert L. Rice, Maryville, MO, for respondent.

Before Division One: CYNTHIA L. MARTIN, Presiding Judge, THOMAS H. NEWTON, Judge and KAREN KING MITCHELL, Judge.

CYNTHIA L. MARTIN, Judge.

Karen Ray Westcott ("Westcott") appeals from an order and judgment denying his motion for reconsideration of a motion for relief from judgment or order pursuant to Rule 74.06(b). Westcott claims that he was wrongfully detained to serve a two-year jail sentence immediately following his release from the Department of Corrections. We dismiss Westcott's appeal as moot.

### Statement of Facts and Procedural History

On March 21, 1990, a Worth County jury[1] convicted Westcott of three counts of

---

1. The charges against Westcott were filed in Nodaway County. Westcott's case was tried

sexual abuse in the first degree, two counts of deviate sexual assault in the first degree, one count of sexual assault in the first degree, and two counts of misdemeanor sexual assault in the second degree.[2] The charges arose out of the sexual abuse and sexual assault of Westcott's wife's teenage daughter.

On April 20, 1990, Westcott was sentenced to serve thirty-six years of imprisonment in the Department of Corrections (the collective sentences imposed on each of Counts I through VI), and to serve two years in the county jail (the collective sentences imposed on the misdemeanor convictions on Counts VII and VIII). The trial court ordered all of the sentences to run consecutively as follows:

> It is ordered that all sentences run consecutive to one another and not concurrent for a total of thirty-eight (38) years, said sentence to be served in the order in which the defendant was found guilty, that is, Count II to follow Count I, Count III to follow Count II, etc. The Clerk is directed to make a notation on the commitment order to the Missouri Department of Corrections informing the Department of Corrections that *upon completion of defendant's term in the Missouri Department of Corrections, a detainer is to be entered* so as to return defendant to this Court for the service of the remaining two (2) years in the county jail.

(Emphasis added.)

Westcott immediately began serving his term of imprisonment in the Department of Corrections. After serving approximately nineteen years of his thirty-six year term of imprisonment, Westcott was released on parole from the Department of Corrections on May 19, 2009. He was immediately detained by the Nodaway County Sheriff to begin serving his two year sentence in the county jail.

On May 27, 2009, Westcott filed a motion for injunctive relief in the underlying criminal case wherein his conviction was secured. The motion was denied on July 14, 2009. The nature of the request for injunctive relief is not clear from the record, as the motion itself is not included in the record.[3] However, the order and judgment denying the motion held, in part, that "Nothing remains of this matter other than [Westcott] serving the sentences imposed on the misdemeanor counts." No appeal was taken from this order and judgment.

Though copies of the relevant pleadings are not included in the legal file, Westcott claims that on July 29, 2009, he filed a "motion for relief of judgment of order" in the criminal case which resulted in his conviction. Westcott claims this motion was denied on August 2, 2010, "on the ground that [a] motion for relief of judgment does not apply to criminal cases." No appeal was taken from this order and judgment.

On October 4, 2010, Westcott initiated a civil action in Worth County by the filing of a "motion for relief of judgment or order pursuant to Rule 74.06(b)" (hereinafter "Motion for Relief"). The Motion for Relief claimed that the "Respondent[4] made a mistake, surprised [Westcott], used

---

in Worth County following a change of venue.

**2.** Westcott's convictions were affirmed by this court in *State v. Westcott*, 857 S.W.2d 393 (Mo.App. W.D.1993).

**3.** It appears the motion for injunctive relief may have been filed, in part, to secure law library access.

**4.** Westcott is referring to Nodaway County Judge Honorable Glen A. Dietrich who was assigned by special transfer order to hear the various motions filed by Westcott in Worth

fraud, misrepresentation and used misconduct in the manner the Respondent is carrying out the judgment against [Westcott]."

▮ Though difficult to distill from Westcott's rather convoluted brief and underlying pleadings, the essence of Westcott's claim is that he had not completed his term of imprisonment when he was released from prison on May 19, 2009, because his term of imprisonment included the time he actually served and a period of "conditional release"[5] pursuant to section 558.011.4(1).[6] As such, according to Westcott, the detainer violated the April 20, 1990 judgment imposing sentencing because it required him to begin serving his sentence in the Nodaway County jail concurrently with his term of imprisonment, and not consecutive to its completion. Specifically, Westcott claims that he should not have been required to begin service of his jail sentence until 2026, notwithstanding his physical release from prison on May 19, 2009.

The Prosecuting Attorney for Nodaway County filed an "answer and motion to dismiss" claiming, in essence, that the Motion for Relief failed to state a claim upon which relief could be granted. Judge Dietrich entered a judgment overruling Westcott's Motion for Relief on November 9, 2010. On November 30, 2010, Westcott filed a motion for reconsideration. On January 19, 2011, Westcott filed a motion for discharge.[7] On February 23, 2011, Judge Dietrich entered an order and judgment overruling the motion for reconsideration of the Motion for Relief and the motion for discharge.

Westcott thereafter filed this appeal. After the appeal was filed, Westcott was released from the Nodaway County jail, having completed the service of his two-year jail sentence on May 19, 2011.

### Standard of Review

▮ "Whether a case is moot is a legal

---

County following his release on parole from the Department of Corrections.

5. We are unclear why Westcott claims he was "conditionally released" from prison on May 19, 2009. The record indicates that Westcott was paroled. In fact, Westcott states in the Statement of Facts in his brief that he was "released on parole." " 'Conditional release' and 'parole' are neither identical nor interchangeable terms, although 'conditional release' is akin to parole.' " *Cooper v. Holden,* 189 S.W.3d 614, 617 (Mo.App. W.D.2006). "The operation of conditional release is specifically dictated by statute, while parole is almost entirely left to the discretion of the Parole Board." *Edger v. Mo. Bd. of Probation and Parole,* 307 S.W.3d 718, 721 (Mo.App. W.D.2010) (citing *Cooper,* 189 S.W.3d at 618). Both involve mechanisms by which an inmate can be released from prison. However, "[w]ith the exceptions of the mandatory minimum sentences set forth in statutes or 14 CSR 80–2.010, offenders can be paroled virtually any time during their sentence." *Cooper,* 189 S.W.3d at 618. In contrast, "[s]ection

558.011.4 specifies time tables under which an offender is entitled to be conditionally released, although a conditional release date can be extended if the procedures of section 558.011.5 are followed." *Edger,* 307 S.W.3d at 721 (citing *Cooper,* 189 S.W.3d at 618). Thus, parole can be afforded either before, at the same time as, or after the time an inmate otherwise first becomes eligible for conditional release.

6. All statutory references are to RSMo 2000 as supplemented unless otherwise noted. Section 558.011.4(1) provides that "A sentence of imprisonment for a term of years for felonies ... shall consist of a prison term and a conditional release term." This provision underscores this importance of the distinction between "conditional release" and "parole," as section 558.011.4(1) does not mention "parole."

7. Though a transmittal letter to the Clerk of the Worth County Court requesting that the motion to discharge be filed is included in the legal file, the motion itself is not.

issue that we raise *sua sponte* on appeal." [8] *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo. App.2011) (citing *Inman v. Mo. Dep't of Corr.*, 139 S.W.3d 180, 185 (Mo.App. W.D. 2004)).

### Analysis

Westcott asserts three points on appeal. In his first and second points relied on, Westcott claims that Judge Dietrich erred in denying his Motion for Relief because the "plain language" of the April 20, 1990 judgment imposing sentence, and his "reasonable expectations" about that judgment, required the conclusion that the detainer following his conditional release [9] from the Department of Corrections resulted in the premature service of his jail sentence. In his third point relied on, Westcott accuses Judge Dietrich of violating several Canons of Judicial Ethics.

We need not reach the issues presented by Westcott's points relied on as "[t]he dispositive issue is whether this case is moot." *Id.* An issue is moot if our resolution of a matter on appeal in the appellant's favor "would have no practical effect." *Id.* (citations omitted). "We generally dismiss cases that are moot because appellate jurisdiction depends on the existence of a live controversy." *Id.* (citations omitted).

Westcott's complaint on appeal is that he was required to begin serving his jail sentence prematurely on May 19, 2009, instead of in 2026. Westcott's two-year jail sentence has now been completely served. Should we agree that Westcott was prematurely required to commence the service of his jail sentence, our decision would have no practical effect as Westcott's jail sentence has now been fully served.

We may exercise our discretion to address a moot issue "in two narrow situations: when the case becomes moot after submission and argument, and when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review." *In re J.L.R.*, 257 S.W.3d 163, 166 (Mo.App. W.D.2008).

Neither exception applies to this case. Westcott had already served the entirety of his jail sentence before his case was submitted and argued. Moreover, Westcott's claim that he was required to serve his jail sentence prematurely does not, under the facts and circumstances of this case, present an issue of general public interest that is likely to evade appellate review in the future. Therefore, we lack jurisdiction to hear Westcott's appeal as it is moot.

### Conclusion

Westcott's appeal is dismissed as moot.

All concur.

---

8. We raise the issue of mootness *sua sponte* here because it has not been raised by either party. The Prosecutor of Nodaway County did not file a brief.

9. *See* footnote 5.