

# In the Missouri Court of Appeals
## Western District

RICHARD BROWN, )
                Appellant, )
v. )       WD79139
                )
MISSOURI BOARD OF PROBATION )
AND PAROLE, )
                )       FILED: December 20, 2016
             Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE DIVISION THREE: VICTOR C. HOWARD, PRESIDING JUDGE,
LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

Richard Brown appeals the grant of judgment on the pleadings in favor of the Missouri Board of Probation and Parole ("the Board") on his declaratory judgment petition. Brown had sought a judgment declaring that his second-degree assault conviction should be reclassified as a nonviolent felony for purposes of parole eligibility and that he should be eligible for parole after serving fifteen percent of his second-degree assault sentence. He argues that the court misapplied the law in denying his request for declaratory judgment. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In January 1998, Brown was sentenced to consecutive terms of twenty-five years in prison for second-degree murder and five years in prison for second-degree assault. The Department of Corrections calculated Brown's sentences as starting on November 3, 1997.

The Board determined that Brown must serve eighty-five percent of his murder sentence, or approximately twenty-one years and three months, before becoming parole eligible. After serving the minimum term for murder, Brown must then serve the minimum term for second-degree assault before becoming parole eligible. The Board determined that Brown's minimum term for second-degree assault is twenty months. Pursuant to the Board's calculation, Brown would become parole eligible in October 2020.

In July 2014, Brown filed a petition for declaratory judgment. In his petition, he asked the court to order the Board to reclassify his assault offense as a nonviolent felony and to recalculate his parole eligibility accordingly. He argued that the Board's regulations classifying second-degree assault as a violent felony for purposes of parole eligibility are contrary to statute and the Supreme Court's opinion in *State ex rel. Matthews v. Maloney*, 155 S.W.3d 62 (Mo. banc 2005). He asserted that second-degree assault should be classified as a nonviolent felony, which would require him to serve only fifteen percent of the maximum sentence before becoming parole eligible.

2

In its answer, the Board argued that Section 217.690[1] authorizes it to adopt regulations governing parole eligibility and that, under these valid regulations, second-degree assault is a violent felony requiring an offender to serve thirty-three percent of the maximum sentence before becoming parole eligible.

The Board filed a motion for judgment on the pleadings, and Brown filed suggestions in opposition. The court granted the motion and entered judgment on the pleadings in favor of the Board, finding that the Board's classification of second-degree assault was not contrary to statute and that the Board correctly calculated Brown's parole eligibility. Brown appeals.

## STANDARD OF REVIEW

On appeal from a grant of judgment on the pleadings, "we review the allegations of the petition to determine whether the pleaded facts were insufficient as a matter of law." *Kaczynski v. Mo. Bd. of Prob. & Parole*, 349 S.W.3d 354, 356 (Mo. App. 2011). We will affirm the grant of judgment on the pleadings if, taking the facts alleged in the plaintiff's petition as true, we find that the moving party was entitled to judgment as a matter of law. *Id*.

## ANALYSIS

In his sole point on appeal, Brown contends the court misapplied the law when it found that the Board did not exceed its authority by classifying second-degree assault as a violent felony for parole eligibility purposes. The Board

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

classifies felonies as violent or nonviolent in Appendix C of its *Procedures Governing the Granting of Paroles and Conditional Releases*. These classifications are then used to determine an offender's minimum parole eligibility under 14 C.S.R. 80-2.010(1). Regulation 14 C.S.R. 80-2.010(1)(D) provides that offenders convicted of felonies classified as violent are eligible for parole after serving thirty-three percent of the maximum sentence, while 14 C.S.R. 80-2.010(1)(A) provides that offenders convicted of felonies classified as nonviolent are eligible for parole after serving fifteen percent of the maximum sentence.

Brown first argues that the Board's classification of second-degree assault as a violent felony is contrary to statute. "'It is well-settled that a regulation may not conflict with a statute and if it does the regulation must fail.'" *Pulitzer Pub. Co. v. Mo. State Emps. Ret. Sys.*, 927 S.W.2d 477, 480 (Mo. App. 1996) (citation omitted). "'Rules are void if they are beyond the scope of the legislative authority conferred upon the state agency or if they attempt to extend or modify statutes.'" *Id.* (citation omitted).

Brown asserts that the Board's classification of second-degree assault as a violent felony is contrary to Section 217.010. Section 217.010 provides, in pertinent part:

> As used in this chapter and chapter 558, unless the context clearly indicates otherwise, the following terms shall mean:
>
> . . .
>
> (11) "Nonviolent offender", any offender who is convicted of a crime other than murder in the first or second degree, involuntary manslaughter, kidnapping, rape in the first degree, forcible rape,

4

sodomy in the first degree, forcible sodomy, robbery in the first degree or assault in the first degree.

Section 217.010(11) defines the term "nonviolent offender" as "any offender convicted of a crime other than" the list of offenses. Brown argues that, because second-degree assault is not one of the listed offenses, the Board is precluded from classifying second-degree assault as a violent felony. We disagree.

Section 217.010 expressly states that its definitions apply to terms "as used in this chapter and chapter 558." Thus, by its plain language, Section 217.010(11) defines the term "nonviolent offender" only for the statutory provisions contained within Chapters 217 and 558. Section 217.010(11) does not extend to preclude the Board from classifying second-degree assault as a violent felony within its own regulations.

Brown cites *Matthews*, 155 S.W.3d 62, to support his contention that Section 217.010(11) contains the exclusive list of violent offenses for all purposes. The issue in *Matthews* was whether a conviction for attempted second-degree assault was a "nonviolent class C or D felony" for purposes of Section 558.016.8, RSMo Supp. 2003, a provision that allowed an offender convicted of a nonviolent felony to petition the court for early release under certain circumstances. *Id.* at 63. Analyzing Section 217.010(11), the Court in *Matthews* found that, in defining the term "nonviolent offender," "the statute necessarily defines the universe of nonviolent offenses." *Id*. at 64. The Court concluded that "'a nonviolent class C or class D felony,' as those words are used in section 558.016.8," is any felony

5

not specifically listed in Section 217.010(11). *Id*. Because attempted second-degree assault was not listed among the offenses in Section 217.010(11), the Court held that it was a nonviolent felony for purposes of Section 558.016.8, RSMo Supp. 2003. *Id*.

Section 217.010 expressly required the Court in *Matthews* to apply Section 217.010(11)'s definition of "nonviolent offender" because Section 558.016.8, RSMo Supp. 2004, was a provision in Chapter 558. *Id*. *Matthews* does not stand for the proposition that Section 217.010(11)'s definition of the term "nonviolent offender" applies to *all* statutory provisions -- whether in Chapters 217 and 558 or not -- and regulatory provisions in which the word "nonviolent" is used, including in the Board's regulations concerning parole eligibility.

Brown next argues that Section 558.011, the statute governing conditional release, supports his contention that second-degree assault is not a violent felony. Section 558.011.4 divides most sentences into prison terms and conditional release terms. However, the statute excludes sentences for dangerous felonies, as defined in Section 556.061, from eligibility for conditional release. *Id*. Brown argues that, because second-degree assault is not listed among the dangerous felonies in Section 556.061 for conditional release purposes in Section 558.011, it cannot be classified as a violent felony for parole eligibility purposes. We disagree.

"While conditional release is akin to parole, the two are not identical or interchangeable terms." *Edger v. Mo. Bd. of Prob. & Parole*, 307 S.W.3d 718, 721 (Mo. App. 2010). "The operation of conditional release is specifically dictated by

6

statute, while parole is almost entirely left to the discretion of the Parole Board." *Id*. Thus, Section 558.011 has no bearing on the Board's classification of second-degree assault as a violent felony for parole eligibility purposes.

"[T]he plain language of [Section 217.690.4] clearly establishes that the Board has the authority to create eligibility requirements for parole." *Anselmo v. Mo. Bd. of Prob. & Parole*, 27 S.W.3d 831, 833 (Mo. App. 2000). Indeed, the provisions of Section 217.690 give the Board "'almost unlimited discretion.'" *Cole v. Mo. Bd. of Prob. & Parole*, 947 S.W.2d 124, 125 (Mo. App. 1997) (quoting *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135 (Mo. banc 1995)). This includes the ability to determine when an offender may become eligible for parole. *Edger*, 307 S.W.3d at 721. The Board did not exceed its authority in classifying second-degree assault as a violent felony for purposes of determining Brown's parole eligibility under 14 C.S.R. 80-2.010(1). Consequently, the court did not misapply the law in granting judgment on the pleadings in favor of the Board on Brown's declaratory judgment petition. Brown's point on appeal is denied.

### CONCLUSION

The judgment is affirmed.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

7