

# In the
# Missouri Court of Appeals
# Western District

TONY D. JONES,

        Appellant,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS,

        Respondent.

**WD82678**

**OPINION FILED:**
**September 17, 2019**

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Daniel R. Green, Judge

### Before Division Four: Karen King Mitchell, Chief Judge, Presiding, Anthony Rex Gabbert, Judge, and W. Ann Hansbrough, Special Judge

### Introduction

Tony D. Jones appeals the denial of his petition for declaratory relief against Missouri Department of Corrections (DOC) wherein he argued that the plain language of Section 558.047, RSMo 2016, grants him eligibility for parole after serving twenty-five years of his sentence of life without parole, notwithstanding the fact he received consecutive sentences for two armed criminal convictions that normally require three-year mandatory minimum sentences. On appeal, Jones argues the circuit court misinterpreted Section 558.047, failing to recognize that Section 558.047

supersedes all other conflicting general parole and sentencing laws and guidelines in cases where a juvenile received an unconstitutional sentence of life without parole. We affirm.

## Factual and Procedural Background

The underlying facts are not in dispute. Jones was charged in the Circuit Court of Saint Louis County with one count of first degree murder in violation of Section 565.020, RSMo 1986, one count of first degree robbery in violation of Section 569.020, RSMo 1986, and two counts of armed criminal action in violation of Section 571.015, RSMo 1986. Jones's charges stemmed from a robbery and subsequent murder which occurred when Jones was fifteen years old.

On July 25, 1994, Jones was found guilty as charged after a jury trial. On September 2, 1994, Jones was sentenced to life imprisonment without parole for the first degree murder charge, and life imprisonment for the associated armed criminal action charge. He was sentenced to a term of twenty-five years for the robbery charge, and fifteen years for the associated armed criminal action charge. All four sentences were to run consecutively. Jones's convictions and sentences were affirmed on consolidated appeal in a *per curiam* order accompanied by an unpublished memorandum. *State v. Jones*, 955 S.W.2d 818 (Mo. App. 1997).

On June 25, 2012, the United States Supreme Court handed down *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), holding that "juveniles could not be sentenced to a mandatory sentence of life without the possibility of parole in a homicide case without first considering whether this punishment was just and appropriate given the juvenile offender's age, development, and the circumstances of the offense." *State ex rel. Carr v. Wallace*, 527 S.W.3d 55, 58 (Mo. banc 2017). Our Missouri Supreme Court, in accordance with *Miller*, issued opinions in *State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013), and *State v. Nathan*, 404 S.W.3d 253 (Mo. banc

2013), holding that a juvenile on direct appeal who had been sentenced to mandatory life without parole must be resentenced.

Jones filed a habeas corpus petition in 2013 under Rule 91 in the Missouri Supreme Court raising the claim that his mandatory sentence of life without parole violated the Eighth Amendment to the United States Constitution under *Miller* and required that he receive a new sentencing hearing. *Jones v. Bowersox*, SC93095. This claim required *Miller* be given retroactive effect. Jones's petition had not been ruled on when, in *Montgomery v. Louisiana*, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), "the [United States] Supreme Court held that *Miller's* substantive rule must be applied retroactively on collateral review of a juvenile offender's mandatory sentence of life without parole." *Carr*, 527 S.W.3d at 59. *Montgomery* further held:

> Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

136 S.Ct. at 736.

On March 15, 2016, following *Montgomery*, our Missouri Supreme Court issued an order in appellant's case, and other pending cases involving juveniles who had received sentences of life without parole for first degree murder, granting habeas relief in part. The Court found that a resentencing proceeding was not constitutionally required and that a proper remedy under *Miller* would be that Jones would "be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole unless his sentence is otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of necessary legislation."

3

On May 13, 2016, the Missouri General Assembly passed S.B. 590, which was signed into law by Governor Jay Nixon on July 13, 2016, and effective immediately. The Missouri Supreme Court, thereafter, vacated its March 15, 2016, order and denied Jones's habeas petition. Senate Bill 590, codified at Section 558.047, RSMo 2016, provides in relevant part:

1. (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

After a petition is properly filed under the statute, "The parole board shall hold a hearing and determine if the defendant shall be granted parole." § 558.047.4.

On June 15, 2018, Jones completed twenty-five years of his life without parole sentence and petitioned the parole board for review of his sentence pursuant to Section 558.047. A parole hearing was subsequently held in October 2018. At the time Jones was notified of his scheduled hearing, he was also notified that, due to his consecutive armed criminal action convictions "which require three additional years to be served on each, you are not eligible to be released until you meet your statutory minimum of 06/15/2024."

On December 3, 2018, Jones filed a petition for declaratory judgment in the Circuit Court of Cole County arguing that he was being held without parole eligibility for an additional six years in violation of the explicit terms of Section 558.047. After an answer and reply were filed, both parties filed motions for judgment on the pleadings.

On February 25, 2019, the court granted the DOC's motion holding that Jones is not eligible for parole consideration on his consecutive sentences after serving twenty-five years of imprisonment. Jones appeals.

**Standard of Review**

"Statutory interpretation raises a question of law that we review *de novo*." *State v. Eckert*, 491 S.W.3d 228, 231 (Mo. App. 2016). "The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *State v. Graham*, 204 S.W.3d 655, 656 (Mo. banc 2006). "In determining the intent and meaning of statutory language, the words must be considered in context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *State ex rel. Evans v. Brown Builders Elec. Co.*, 254 S.W.3d 31, 35 (Mo. banc 2008) (internal quotation marks and citations omitted).

**Analysis**

In Jones's sole point on appeal, he argues the plain language of Section 558.047 grants him parole eligibility after serving twenty-five years of his sentence of life without parole, notwithstanding his consecutive sentences for other convictions that normally require mandatory minimum sentences. Jones argues that Section 558.047 supersedes conflicting general parole and sentencing laws/guidelines in cases where a juvenile received an unconstitutional sentence of life without parole. Jones argues that, by using the words "offense or offenses" in the statutory language, the legislature recognized that juveniles serving life sentences will likely be serving time for related offenses. Jones contends that, because the same section of the applicable statute states that such juvenile offenders are eligible for parole after serving twenty-five years "on the sentence of life without parole," these offenders are parole eligible regardless of whether the offender received additional prison time for other related offenses. Jones maintains that, although the parole board gave him a parole hearing pursuant to Section 558.047, "this hearing was a meaningless

5

ritual because the parole board determined that [he] is not eligible for release until all statutory minimum terms for his consecutive sentences have been served."

The DOC argues that Jones is not entitled to early parole eligibility on his armed criminal action sentences because the legislature enacted no law affecting this part of Jones's incarceration. The DOC contends that, at the time Section 558.047 was passed, it was well-established that periods of statutory parole ineligibility on consecutive sentences run one after the other. *Citing Edger v. Missouri Board of Probation and Parole*, 307 S.W.3d 718, 721 (Mo. App. 2010).[1] The DOC argues Jones's interpretation of Section 558.047 would illogically result in juvenile first degree murderers being parole eligible earlier than juveniles committing lesser offenses, including second degree murder.[2] To support its argument that Section 558.047 is inapplicable to any juvenile sentence but a life sentence, the DOC cites *Willbanks v. Missouri Department of Corr.*, 522 S.W.3d 238 (Mo. banc 2017). *Willbanks* upheld consecutive (non-life without parole) sentences for a juvenile offender which resulted in parole ineligibility during the offender's normal human life expectancy. *Id.* In response to the *Willbanks'* dissent's argument that Section 558.047 should apply to juvenile offenders with multiple, fixed-term sentences that result in a de facto life

---

[1] Section 217.690.5, RSMo Cum. Supp. 2018, provides: "When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence." In *Edger* we stated: "The legislature has explicitly provided in Section 217.690.5 a method for calculating parole eligibility for an offender with consecutive sentences by adding together the minimum terms for parole eligibility for each consecutive sentence." 307 S.W.3d at 721. In *Langston v. Missouri Bd. of Probation and Parole*, 391 S.W.3d 473, 476 (Mo. App. 2012) we stated: "The plain language of section 217.690.5 requires that the minimum prison term on each consecutive sentence be added together to reach an aggregate minimum prison term prior to parole eligibility with the limitation that no individual minimum prison term added into the total can itself be greater than the minimum prison term for a life sentence."

[2] "The offense of murder in the second degree is a class A felony, and the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, other than murder or manslaughter." § 565.021.2, RSMo Cum. Supp. 2018.

6

sentence, the majority in *Willbanks* declined "to extend the statute beyond its terms." 522 S.W.3d at 243.

We find that the plain language of Section 558.047.1(1) allows a juvenile offender sentenced to life without parole eligibility before August 28, 2016, to petition the parole board "for a review of his or her sentence" "after serving twenty-five years of incarceration on the sentence of life without parole." This is not an absolute grant of parole eligibility; it is a grant of sentence review. At sentence review, Section 558.047.5 requires consideration of Section 565.033, RSMo 2016, factors. Section 565.033 was enacted simultaneously with Section 558.047 to address *Miller* and the future sentencing of individuals found guilty of first degree murder in Missouri who are under the age of eighteen at the time of the murder. *See State v. Campbell*, 558 S.W.3d 554, 559-560 (Mo. App. 2018). Like Section 558.047, Section 565.033 references "offense or offenses" to wit: "When assessing punishment in all first degree murder cases in which the defendant was under the age of eighteen *at the time of the commission of the offense or offenses*, the judge in a jury-waived trial shall consider, or the judge shall include in instructions to the jury for it to consider, the following factors: …" § 565.033.2 (emphasis added).[3] Yet, Section 565.033

---

[3] Section 565.033.2 provides that the following *Miller*-type factors must be considered when sentencing a person found guilty of murder in the first degree who was under the age of eighteen when the offense was committed:

(1) The nature and circumstances of the offense committed by the defendant;
(2) The degree of the defendant's culpability in light of his or her age and role in the offense;
(3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense;
(4) The defendant's background, including his or her family, home, and community environment;
(5) The likelihood for rehabilitation of the defendant;
(6) The extent of the defendant's participation in the offense;
(7) The effect of familial pressure or peer pressure on the defendant's actions;
(8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions;
(9) The effect of characteristics attributable to the defendant's youth on the defendant's judgment; and

addresses only punishment for murder in the first degree convictions and does not address punishment for related crimes with less severe penalties. The offender is sentenced separately for those crimes. The legislature undoubtedly recognized that a judge or jury might be faced with contemplating more than one murder in the first degree charge/conviction during the same trial. Notably, a juvenile may still be sentenced to life without the possibility of parole after consideration of Section 565.033 factors if aggravating factors listed in Section 565.034, RSMo 2016, are found beyond a reasonable doubt.

Hence, our legislature did not fully adopt our Missouri Supreme Court's post-*Montgomery* remedy for *Miller* which allowed juvenile offenders to be considered for parole in the same manner as any other parole-eligible prisoner after serving twenty-five years' imprisonment on a sentence of life without parole. Our legislature also did not adopt our Missouri Supreme Court's pre-*Montgomery* rulings which required resentencing on related crimes along with resentencing on life sentences. *See Hart*, 404 S.W.3d 232, and *Nathan*, 404 S.W.3d 253. Section 558.047 grants sentence review of only life sentences;[4] upon review, the parole board is required to assess *Miller*-type factors which address the appropriateness of the original sentence in light of the juvenile offender's age, maturity, etc. at the time of the crime, *along with* additional factors which might suggest maturation of the offender, rehabilitation since incarceration, etc. § 558.047.5. The parole

---

(10) A statement by the victim or the victim's family member as provided by section 557.041 until December 31, 2016, and beginning January 1, 2017, section 595.229.

[4] Jones argues that the Missouri Supreme Court's holdings in *Hart* and *Nathan* (requiring resentencing on armed criminal action convictions which related to a juvenile's crimes that resulted in life sentences) bolster his position that Section 558.047 requires other sentences being served by a "juvenile lifer" be ignored. We disagree, as the express language of Section 558.047 authorizes review of only juvenile life sentences. Moreover, while *Hart* and *Nathan* ordered *resentencing* of related armed criminal action convictions, those convictions did not disappear. Had Jones been resentenced under *Hart* and *Nathan*, he would still be serving a minimum of three years on each of the armed criminal action convictions, as the statutory sentence range for armed criminal action is a minimum of three years with no upper limit. § 571.015.1.

board determines parole eligibility in light of all of these factors. While the parole board must hold a hearing and determine if the offender shall be granted parole, nothing within Section 558.047 expunges sentences for other crimes committed by the juvenile, and nothing within Section 558.047 supersedes established parole guidelines and/or authorizes the parole board to ignore these guidelines.[5]

The circuit court did not err in granting declaratory judgment for the DOC as the plain language of Section 558.047 allows for sentence review (and subsequent parole consideration) of only a juvenile offender's life sentence. Jones's point on appeal is denied.

The circuit court's judgment is affirmed.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[5]*Compare* Section 217.692 regarding life without parole offenders found guilty of homicide of a spouse or domestic partner. Section 217.692 states: "*Notwithstanding any other provision of law to the contrary,*" an offender meeting the criteria set forth in the statute "*shall be eligible for parole* after having served fifteen years of such sentence when the board determines by using the guidelines established by this section that there is a strong and reasonable probability that the person will not thereafter violate the law." (Emphases added). Section 217.692, by its express language, clearly supersedes any conflicting law. Section 558.047 contains no similar language.