Nathan E. WOLFE, Respondent,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS, Appellant.

No. WD 65886.

Missouri Court of Appeals,
Western District.

Aug. 29, 2006.

Craig A. Johnston, Assistant State Public Defender, Columbia, MO, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Assistant Attorney General, Jefferson City, MO, for Appellant.

Before HOWARD, C.J., and
BRECKENRIDGE and HARDWICK, JJ.

VICTOR C. HOWARD, Chief Judge.

The Missouri Department of Corrections ("MDOC") appeals from the motion court's grant of summary judgment in favor of Nathan Wolfe on his petition seeking a declaration that the minimum prison term he must serve under section 558.019 [1] prior to his first parole eligibility is thirty-four years (with credit for pre-conviction and sentencing jail time), and not until he reaches age seventy in July 2053, as is currently being required by MDOC under its interpretation and application of this statute. MDOC's sole point on appeal is

1. All statutory references are to RSMo 2000.

that the circuit court erred in granting summary judgment for Wolfe because section 558.019 dictates that he is not eligible for parole until he is seventy years old and has completed forty percent of a seventy-five-year period of incarceration in that Wolfe has received consecutive sentences for dangerous felonies that add up to more than seventy-five years, and this analysis is not changed by the fact that an inmate becomes parole eligible on a single life sentence after serving thirty years.

We affirm.

### Factual and Procedural Background

On April 5, 2004, Wolfe was sentenced in Boone County Case No. 03CR164559, to life in prison for second-degree murder, section 565.021, and a consecutive sentence of ten years in prison for first-degree robbery arising out of the same incident and occurring at the same time, section 569.020. Both of these convictions are dangerous felonies. § 556.061(8).

On April 7, 2004, Wolfe was delivered to MDOC to serve these sentences. Wolfe's second-degree murder conviction and first-degree robbery conviction are the only sentences Wolfe is serving in MDOC.

MDOC ruled that because Wolfe has a life sentence with a consecutive ten-year sentence, he is not eligible for parole until he reaches his seventieth birthday. Wolfe was born July 9, 1983. Therefore, the first parole eligibility date is July 2053, more than forty-nine years from the date of sentencing. MDOC applied the standard that when a sentence equals or exceeds seventy-five years, "the age 70 rule comes into play" and in accordance, Wolfe is first eligible for parole at age seventy. MDOC has said that if Wolfe had been given a concurrent sentence to the life sentence, he would be eligible for parole in 25.5 years (eighty-five percent of thirty years). But solely because he has a ten-year sentence consecutive to a life sentence, MDOC has determined that Wolfe's sentence equals or exceeds seventy-five years. This is because MDOC has determined that a consecutive sentence to a life sentence has "no start date," so any consecutive sentence to a life sentence makes the sentence in excess of seventy-five years.

Wolfe filed a petition for declaratory judgment under Rule 87. In his petition, he requested that the minimum prison term he must serve prior to his first parole eligibility under section 558.019 is thirty-four years (with credit for pre-conviction and sentencing jail time), and not, as is currently being required by MDOC, until he reaches age seventy in July 2053.

On July 22, 2005, the motion court entered an order and judgment granting Wolfe's motion for summary judgment. The order stated, in part, that MDOC was ordered to change and correct Wolfe's official MDOC records to reflect that his minimum prison term to be served under sections 558.019.3 and 558.019.4 is eighty-five percent of thirty years for his life sentence plus eighty-five percent of ten years for his consecutive ten-year sentence, for a total minimum prison term of thirty-four years prior to his first parole eligibility. The motion court concluded that section 558.019.4(1) creates a calculation or counting rule for calculating the total length of sentences for purposes of determining the minimum prison term to be served. Section 558.019.4(1) gives "life" a definite number, i.e., thirty years, which can be calculated or counted together with other consecutive sentences under section 558.019.4(2). The court determined that Wolfe's aggregate sentence is forty years, i.e., thirty years (life) plus ten years, and that he is required under section 558.019.3 to serve eighty-five percent of his sentences. Therefore, he is first eligible for parole after having served eighty-five per-

cent of thirty years plus eighty-five percent of ten years, which equals thirty-four years. MDOC appeals.

## Standard of Review

In *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993), the applicable standard of review is set forth as follows:

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

(Internal citations omitted.)

## Discussion

█ MDOC's sole point on appeal is that the circuit court erred in granting summary judgment for Wolfe because section 558.019 dictates that Wolfe is not eligible for parole until he is seventy years old and has completed forty percent of a seventy-five-year period of incarceration because Wolfe has received consecutive sentences for dangerous felonies that add up to more than seventy-five years, and the fact that an inmate becomes parole eligible on a single life sentence after serving thirty years does not change this analysis.

Section 558.019 provides, in relevant part, as follows:

3. Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

4. For the purpose of determining the minimum prison term to be served, the following calculations shall apply:

(1) A sentence of life shall be calculated to be thirty years;

(2) Any sentence either alone or in the aggregate with other consecutive sentences for crimes committed at or near the same time which is over seventy-five years shall be calculated to be seventy-five years.

5. For purposes of this section, the term "minimum prison term" shall mean time required to be served by the offender before he or she is eligible for parole, conditional release or other early release by the department of corrections.

█ "The primary rule of statutory construction requires a court to determine legislative intent by considering the plain and ordinary meaning of words used in the statute." *Kinder v. Mo. Dep't of Corrs.*, 43 S.W.3d 369, 372 (Mo.App. W.D.2001). "When the language of a statute is clear and unambiguous, there is no room for

construction." *Id.* Such is the case here. Wolfe has a life imprisonment sentence and a ten-year sentence for two dangerous felonies. Thus, under section 558.019.3, he must serve a minimum prison term of eighty-five percent of those two sentences or until he attains seventy years of age and has served at least forty percent of the sentence imposed, whichever occurs first. Section 558.019.4(1) explicitly provides that in determining the minimum prison term to be served, a life sentence shall be calculated to be thirty years. Eighty-five percent of thirty years is 25.5 years. Eighty-five percent of his ten-year sentence is 8.5 years. Thus, the circuit court correctly determined that Wolfe's minimum prison term prior to parole eligibility should be calculated as thirty-four years (25.5 years plus 8.5 years).

MDOC concedes that section 558.019.4(1) requires that, for purposes of determining the mandatory minimum prison term to be served, a life sentence is considered to be thirty years; therefore, Wolfe becomes "theoretically" parole eligible on the life sentence after eighty-five percent of that sentence, or 25.5 years. However, because MDOC interprets a life sentence that is coupled with a ten-year consecutive sentence to be more than seventy-five years, MDOC argues that section 558.019.4(2) applies in this instance. That section provides that "[a]ny sentence either alone or in the aggregate with other consecutive sentences for crimes committed at or near the same time which is over seventy-five years shall be calculated to be seventy-five years." As a matter of law, asserts MDOC, Wolfe's two sentences are aggregated into a single seventy-five-year sentence under subparagraph (2). Under this method of calculation, MDOC argues, Wolfe's mandatory minimum prison term will be completed on Wolfe's seventieth birthday.

In another twist to its argument, MDOC asserts that Wolfe cannot serve eighty-five percent of his ten-year sentence, as he must under section 558.019.3, until that sentence begins to run. MDOC contends, until a prisoner dies, a life sentence is not completed, thus his second sentence will never begin.

We will not interpret section 558.019 to permit an unreasonable result. *See Carroll v. Mo. Bd. of Prob. & Parole,* 113 S.W.3d 654, 658 (Mo.App. W.D.2003). As previously discussed, section 558.019.4(1) clearly establishes that for the purpose of determining the minimum prison term to be served, a life sentence shall be calculated to be thirty years. MDOC's argument that the provision applicable here is that Wolfe's sentences, in the aggregate, are over seventy-five years and thus should be calculated as seventy-five years is nonsensical in light of the clear language of section 558.019.4(1).

The judgment of the circuit court is affirmed.

BRECKENRIDGE and HARDWICK, JJ., concur.