Earnest LANGSTON, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE,** Respondent.

No. WD 75401.

Missouri Court of Appeals, Western District.

Dec. 26, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2013.

Earnest Langston, Appellant Pro-se.

Michael J. Spillane, Jefferson City, MO, for Respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

VICTOR C. HOWARD, Judge.

Earnest Lee Langston appeals the summary judgment in favor of the Missouri Board of Probation and Parole (Parole Board) on his petition seeking a declaration that he became eligible for parole after serving twenty years on three consecutive life sentences plus 224 consecutive years. The trial court found that the parole eligibility date of May 2082 calculated by the Parole Board was correct. The judgment is affirmed.

In May 1973, in case 72–1381, the Circuit Court of St. Louis City sentenced Langston to fifty years imprisonment for first degree robbery and a concurrent term of life imprisonment for assault with intent to kill with malice. Langston was paroled from these sentences, but he returned as a parole violator in January 1991.

In December 1991, in case 901–1748, the Circuit Court of St. Louis City sentenced Langston for new felonies that he committed while on parole including thirty years for first degree robbery, seventy-five years for armed criminal action, fifteen years for kidnapping, seventy-five years for armed criminal action, seven years for first degree sexual abuse, life imprisonment for armed criminal action, seven years for stealing a motor vehicle, life imprisonment for rape, fifteen years for second degree robbery, and life imprisonment for first degree robbery. All of these sentences, except the first thirty-year sentence for first degree robbery, run consecutively to

each other and to the sentences in case 72–1381.

The Parole Board calculated that Langston would be eligible for parole in May 2082 by adding the minimum terms for parole eligibility for each of his consecutive sentences pursuant to section 217.690.5, RSMo Cum.Supp.2011. Langston filed his petition for declaratory judgment seeking a declaration that he became eligible for parole after serving twenty years. He argued that under section 217.690.5, all of his sentences when aggregated cannot create an aggregate parole eligibility period longer than if he had a single life sentence. Langston also alleged that the Parole Board's calculation turned his sentence into a life sentence without parole for practical purposes and that such sentence violated a liberty interest he has in parole eligibility. He further alleged that the Board's calculation violated the Equal Protection Clause and the Ex Post Facto Clause.

Thereafter, Langston filed a motion for summary judgment asserting that he became eligible for parole after serving fifteen years instead of twenty years as alleged in his petition. The Parole Board filed its own motion for summary judgment arguing that Langston's assertion of parole eligibility after fifteen years or twenty years was contrary to statute and case law and that his constitutional arguments were without merit. The trial court granted summary judgment in favor of the Parole Board. This appeal by Langston followed.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376.

 The primary rule of statutory construction is to determine the intent of the legislature by considering the plain and ordinary meaning of words used in the statute. *Wolfe v. Mo. Dept. of Corrections*, 199 S.W.3d 219, 221 (Mo.App. W.D.2006)(internal quotes and citation omitted). When ascertaining legislative intent, each word, clause, sentence, and section of a statute should be given meaning, and a court should not interpret a statute so as to render some phrases mere surplusage. *Middleton v. Mo. Dep't of Corrections*, 278 S.W.3d 193, 196 (Mo. banc 2009). Additionally, "the words must be considered in context, and sections of the statutes *in pari materia*, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *State · ex rel. Scroggins v. Kellogg*, 335 S.W.3d 38, 42 (Mo.App. W.D.2011)(internal quotes and citation omitted). The purpose and policy of the entire act must be considered. *Id.* "When the language of a statute is clear and unambiguous, there is no room for construction." *Wolfe*, 199 S.W.3d at 221–22 (internal quotes and citation omitted).

 Section 217.690, RSMo Cum.Supp. 2011, is the general parole statute. Subsection 5 provides a formula for calculating the minimum term for parole eligibility for an offender with consecutive sentences:

When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for parole eligibility shall

not exceed the minimum term for parole eligibility for an ordinary life sentence. § 217.690.5.

In his motion for summary judgment, Langston argued that under the last clause of the statute, all of his consecutive sentences are effectively converted to concurrent sentences for the purpose of parole calculation and that parole eligibility is then calculated on his first life sentence, which is calculated as fifty years under section 558.019.4(4), RSMo Cum.Supp. 1989.[1] Thus, according to Langston, he would be eligible for parole after serving a mandatory minimum prison term of forty percent of fifty years or twenty years because of his status as a prior offender under section 558.019.2(1), RSMo Cum. Supp.1989. Langston's argument, however, was contrary to the plain language of the statute, the entire statutory scheme for parole, and case law.

The plain language of section 217.690.5 requires that the minimum prison term on each consecutive sentence be added together to reach an aggregate minimum prison term prior to parole eligibility with the limitation that no individual minimum prison term added into the total can itself be greater than the minimum prison term for a life sentence. In Wolfe, this court considered the minimum prison time an inmate must serve prior to parole eligibility. The inmate was sentenced to life, calculated as thirty years for purposes of parole eligibility under section 558.019.4(1), RSMo 2000, and a consecutive sentence of ten years for two dangerous felonies. The minimum prison term for dangerous felonies was eighty-five percent of the sentences. § 558.019.3, RSMo 2000. This court added the minimum term of each sentence, 25.5 for the life sentence and 8.5 for the ten year sentence, to determine that the inmate must serve thirty-four years before being eligible for parole. Wolfe, 199 S.W.3d at 221–22. See also Edger v. Mo. Bd. of Probation and Parole, 307 S.W.3d 718, 720–21 (Mo.App. W.D. 2010) (inmate's parole eligibility date was to be determined based upon sum of minimum terms for each consecutive sentence).

Under Langston's reading of the statute, no inmate with consecutive sentences can have a minimum prison term prior to parole eligibility that is longer than the minimum prison term he would have on a single life sentence. Such interpretation, however, is inconsistent with Wolfe. Furthermore, it is inconsistent with the statutory scheme for parole. For instance, section 558.019.4(1), RSMo Cum. Supp.2011, provides that for the purposes of parole eligibility, "[a] sentence of life shall be calculated to be thirty years." But section 558.019.4(2) provides that consecutive sentences for offenses committed at or near the same time, which total more than seventy-five years, will be calculated to be seventy-five years for purposes of parole eligibility. If no aggregation of consecutive sentences could have a mandatory minimum prison term prior to parole eligibility that is longer than that for a thirty-year sentence, then subsection 4(2) would be rendered meaningless. A statute will not be interpreted to permit an unreasonable result. Wolfe, 199 S.W.3d at 222. The Parole Board correctly applied section 217.690.5 in adding the minimum prison term of each of Langston's consecutive sentences to reach the minimum term he must serve before being eligible for parole.

1. As explained in Phillips v. Mo. Dep't of Corrections, 323 S.W.3d 790, 793–94 (Mo. App. W.D.2010), the General Assembly specified that the amendments it made to section 558.019 in 1994, which included changing the calculation of a life sentence from fifty years to thirty years, were not to be applied to offenses occurring prior to the enactment of the amendments.

It was, therefore, entitled to judgment as a matter of law on Langston's assertion of parole eligibility after fifteen years or twenty years.

■ Likewise, the Parole Board was entitled to judgment as a matter of law on Langston's constitutional claims. Langston alleged that the Parole Board's calculation of his parole eligibility violated his right to equal protection of the law. To prevail on an equal protection claim, the claimant must show that he is similarly situated to those with whom he is comparing himself. *Cooper v. Mo. Bd. of Probation and Parole*, 866 S.W.2d 135, 137 (Mo. banc 1993). Langston alleged that two other inmates who were serving consecutive life sentences or consecutive sentences to a life sentence received parole hearings after thirteen years. Additionally, he submitted newspaper articles and a list of offenders containing the crimes committed, the sentences, and the time served before parole to support his claim. Langston did not allege or establish, however, that the other inmates were similarly situated to him in that they were subject to a similar aggregate sentence made up of multiple consecutive sentences with mandatory minimum prison terms as a result of their status as a prior offender. Langston's equal protection claim was properly denied.

Langston also argued that the Parole Board's calculation of his parole eligibility turned his sentence into a life sentence without parole for practical purposes and that such sentence violated a liberty interest he has in parole eligibility after fifteen or twenty years under section 217.690.5. As discussed above, section 217.690.5 did not grant Langston parole eligibility after fifteen or twenty years. Because his due process claim depended upon his misinterpretation of section 217.690.5, it was properly denied. *See McDermott v. Carnahan*, 934 S.W.2d 285, 289 (Mo. banc 1996) (in-

mate's claims that parole regulations were unconstitutional were denied because they were based on inmate's false theory that statute granted him parole eligibility).

■ Finally, Langston alleged that his parole ineligibility arose from a "1994 amendatory change and an amendatory statute." "The ex post facto clause is aimed at laws that are retroactive and that either alter the definition of crimes or increase the punishment for criminal acts already committed." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 136 (Mo. banc 1995). As with his due process claim, Langston asserted that the Parole Board's calculation turned his parole-eligible life sentence into a non-parole-eligible life sentence. Again, this assertion was based on Langston's misinterpretation of section 217.690.5 and ignored the minimum prison term that must be served as a prior offender. As with his other constitutional claims, the trial court properly denied this claim. *McDermott*, 934 S.W.2d at 289.

The judgment of the trial court is affirmed.

All concur.