

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| KYLE SHORT, | ) | |
| Appellant, | ) | |
| v. | ) | WD77964 |
| | ) | |
| MISSOURI BOARD OF PROBATION | ) | FILED: February 24, 2015 |
| AND PAROLE, | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE DIVISION FOUR: ALOK AHUJA, CHIEF JUDGE, PRESIDING,
### JOSEPH M. ELLIS AND LISA WHITE HARDWICK, JUDGES

Kyle Short appeals from the summary judgment entered in favor of the Missouri Board of Probation and Parole ("Board") on his petition for declaratory judgment. In his petition, Short sought declarations concerning his conditional release date and parole eligibility on sentences for multiple convictions. The circuit court found that Short is not eligible for parole and that the Board correctly determined his conditional release date. For reasons explained herein, we affirm the judgment on the conditional release date and reverse the judgment with regard to Short's ineligibility for parole.

**FACTUAL AND PROCEDURAL HISTORY**

On December 12, 2005, Short pled guilty to two counts of second-degree statutory rape, two counts of possession of a controlled substance other than 35 grams or less of marijuana, and one count of first-degree endangering the welfare of a child.  The court sentenced Short to concurrent terms of five years in prison on each count ("sentence group one").[1]

On November 8, 2007, a jury convicted Short of three more counts of statutory rape and one count of tampering with a victim or witness in a felony prosecution.  In that case, the court sentenced Short to concurrent terms of ten years in prison for each of the three counts of statutory rape ("sentence group two") and ten years in prison for the tampering with a victim or witness count ("sentence group three").  The court further ordered that the ten-year sentences in sentence group two be served consecutively to the five-year sentences in sentence group one.  The court ordered that the ten-year sentence in sentence group three be served consecutively to the sentences in sentence groups one and two.  Thus, Short was sentenced to a total of 25 years in prison.

Short subsequently filed a petition for declaratory judgment in which he asserted that the Board had erroneously determined that he is ineligible for parole because, even though parole is available for the offenses in sentence groups one

---

[1] Short was initially given probation, but his probation was revoked after a little more than a year.

2

and two, parole is not available for the offense in sentence group three. He also alleged that the court had erroneously calculated his conditional release date.

Specifically, Short argued that, because he is eligible for parole on the sentences in sentence groups one and two, he should be required to serve only the minimum term for parole eligibility on those sentences before beginning his sentence in sentence group three, for which he is not eligible for parole. Short further argued that he should then have to serve only that portion of the sentence in sentence group three that is designated as the required prison term for conditional release purposes. Based upon his calculation, Short alleged that his conditional release date should be December 9, 2018, instead of November 1, 2023, as the Board found.

The Board filed a motion for summary judgment. The circuit court granted the Board's motion after finding that Short's ineligibility for parole on sentence group three renders him ineligible for parole on all of his sentences and that the Board correctly calculated his conditional release date. Short appeals.

### STANDARD OF REVIEW

Appellate review of a summary judgment is "essentially *de novo*." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In this case, there are no disputed issues of material fact. Consequently, whether summary judgment was proper is purely an issue of law, and we need not defer to the circuit court's decision to grant summary judgment. *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 795 (Mo. banc 2013).

3

Short raises two points on appeal challenging the grant of summary judgment in favor of the Board. In Point I, Short contends the circuit court erred in determining his conditional release date because it failed to follow the requirements of Section 217.690, RSMo Cum. Supp. 2013.[2] In Point II, Short contends the circuit court erred in determining that his ineligibility for parole on sentence group three makes him ineligible for parole on any of his sentences.

We address the two points together because Short argues that he is eligible for parole on sentence groups one and two and that the Board should require him to serve only the minimum terms for parole eligibility on sentence groups one and two, plus the prison term on sentence group three, before conditionally releasing him. Although we agree that Short is eligible for parole on sentence groups one and two, we disagree with his conclusion that this affects his conditional release date.

Short's conclusion appears to be based upon his confusion between conditional release and parole. "While conditional release is akin to parole, the two are not identical or interchangeable terms." *Edger v. Mo. Bd. of Prob. & Parole*, 307 S.W.3d 718, 721 (Mo. App. 2010). Both conditional release and parole provide for the discharge of an offender from prison subject to the Board's conditions and supervision; however, "[t]he operation of conditional release is

---

[2] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

4

dictated by statute, while parole is almost entirely left to the discretion of the Parole Board." *Edger*, 307 S.W.3d at 721.

Looking first at conditional release, section 558.011 provides that a sentence of imprisonment consists of a prison term and a conditional release term. § 558.011.4(1). During the conditional release term, which is the last few months or years of a sentence, the offender is discharged, subject to the Board's conditions and supervision. § 558.011.4(2); *Edger*, 307 S.W.3d at 721. The portion of the sentence before the conditional release term is the prison term. *Cooper v. Holden*, 189 S.W.3d 614, 618 (Mo. App. 2006). Section 558.011.4(1) specifies the conditional release terms for all lengths of sentences.[3] *Edger*, 307 S.W.3d at 721.

In this case, Short's sentence structure contains three sentence groups that run consecutively to each other. This court has ruled that, in determining the conditional release date on consecutive sentences, the offender is to serve all of his prison terms consecutively, followed by the consecutive running of the conditional release terms. *Bantle v. Mo. Bd. of Prob. & Parole*, 256 S.W.3d 205, 206 (Mo. App. 2008). This is precisely what the Board did in Short's case.

Short's concurrent sentences in sentence group one have a total term of five years, which means the prison term is 40 months and the conditional release term

---

[3] Section 558.011.5 provides a procedure for the Board to extend the conditional release date "up to a maximum of the entire sentence of imprisonment" if the offender "fails to follow the rules and regulations of the division or commits an act in violation of such rules."

5

is 20 months.  § 558.011.4(1)(a).[4]  He began serving the prison term portion of the sentences in sentence group one on July 4, 2006, and the Board deferred service of the conditional release term 40 months later, on November 3, 2009. Short's concurrent sentences in sentence group two have a total term of ten years, which means the prison term is seven years and the conditional release term is three years.  § 558.011.4(1)(b).[5]  He began serving the prison term portion of the sentences in sentence group two on November 3, 2009, and will be eligible to enter deferred status on his conditional release term seven years later, on November 2, 2016.  Short's final sentence in sentence group three is a total of ten years, which means the prison term is seven years and the conditional release term is three years.  § 558.011.4(1)(b).  Short will begin serving the prison term portion of this sentence on November 2, 2016, and will be eligible for conditional release seven years later, on November 1, 2023.

November 1, 2023, is the conditional release date the Board provided to Short.  The Board correctly calculated Short's conditional release date on his consecutive sentences pursuant to Section 558.011.4(1) and *Bantle*.  Therefore, the circuit court did not err in granting summary judgment in favor of the Board with respect to Short's claims concerning the accuracy of his conditional release date.  Point I is denied.

---

[4] The conditional release term for a sentence of imprisonment of nine years or less is one-third of the sentence.  § 558.011.4(1)(a).

[5] The conditional release term for a sentence of imprisonment between nine and fifteen years is three years.  § 558.011.4(1)(b).

Short's parole eligibility, on the other hand, is governed by Section 217.690 and 14 CSR 80-2.010. Section 217.690 gives the Board the discretion to parole offenders where "there is a reasonable probability that an offender . . . can be released without detriment to the community or himself," except as otherwise prohibited by law. § 217.690.1. Section 217.690.4 authorizes the Board to adopt rules regarding parole eligibility and parole hearings, and 14 CSR 80-2.010 provides guidelines under which the Board is to determine an offender's parole eligibility. *Edger*, 307 S.W.3d at 720. In particular, 14 CSR 80-2.010(1) provides the minimum term for parole eligibility for offenses where no other statute requires that more time be served.

Because Short's sentence structure consists of three groups of consecutive sentences, the calculation of his minimum term for parole eligibility is controlled by Section 217.690.5. This section provides:

> When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence.[6]

§ 217.690.5. We applied this provision in *Edger*, 307 S.W.3d 718. In that case, Edger was serving concurrent sentences totaling 15 years and a consecutive eight-year sentence. *Edger*, 307 S.W.3d at 719. The Board had argued that Edger would not be eligible for parole until after he served the entire prison term portion

---

[6] The minimum term for parole eligibility for an ordinary life sentence is 15 years. 14 CSR 80-2.010(1)(E).

7

of his 15-year sentence, as set forth in the conditional release statute, plus the minimum parole eligibility term of his eight-year sentence. *Id*. at 721. We rejected the Board's argument, noting that, because parole and conditional release are distinct, Section 217.690 and 14 CSR 80-2.010 govern the calculation of parole eligibility and not Section 558.011, which governs conditional release. *Id*. We directed the Board to calculate Edger's parole eligibility pursuant to Section 217.690.5 by simply adding together the minimum parole eligibility term for the 15-year sentence, which was three years and nine months under 14 CSR 80-2.010(1)(B), and the minimum parole eligibility term for the eight-year sentence, which was four years under Section 558.019.2(2). *Id*. Thus, we found that Edger had to serve seven years and nine months before he would be eligible for parole. *Id*.

In this case, Short's concurrent five-year sentences in sentence group one have a minimum term for parole eligibility of 33% of the sentence, which is approximately one year and eight months. 14 CSR 80-2.010(1)(D). Likewise, his concurrent ten-year sentences in sentence group two have a minimum term for parole eligibility of 33% of the sentence, which is approximately three years and four months. *Id*.[7]

---

[7] In its brief, the Board states that Short is correct to argue that, 'under Section 217.690.5, his second group of sentences has a mandatory-minimum term of three years." As noted in the text, however, 14 CSR 80-2.010(1)(D) requires that Short serve 33% of the sentences in sentence group two. Thirty-three percent of the concurrent ten-year sentences is three years and four months.

Short is not eligible for parole on his ten-year sentence in sentence group three, however. His ten-year sentence in sentence group three is for tampering with a witness or victim. The statute defining that crime states, in pertinent part:

> 3. Tampering with a witness in a prosecution, tampering with a witness with purpose to induce the witness to testify falsely, or victim tampering is a class C felony if the original charge is a felony. Otherwise, tampering with a witness or victim tampering is a class A misdemeanor. *Persons convicted under this section shall not be eligible for parole.*

§ 575.270.3 (emphasis added). The Board urges us to interpret the last sentence of this subsection, "[p]ersons convicted under this section shall not be eligible for parole," as instituting an absolute, lifetime ban on parole eligibility for an offender convicted of witness or victim tampering, regardless of whether any other crime committed by the offender allows for parole.

To ascertain whether the legislature intended such a result, we look to the plain and ordinary meaning of the statutory language. *State v. Rodgers*, 396 S.W.3d 398, 401 (Mo. App. 2013). We look at the usage of the words in the context of the entire statute to determine their plain meaning. *Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 122 (Mo. App. 2014). "Provisions not found plainly written or necessarily implied from what is written will not be imparted or interpolated therein . . . ." *Mo. Pub. Serv. Co. v. Platte-Clay Elec. Co-op., Inc.*, 407 S.W.2d 883, 891 (Mo. 1966) (internal quotation marks and citations omitted). "When the language of a statute is clear and unambiguous, there is no room for

construction." *Kinder v. Mo. Dep't of Corr.*, 43 S.W.3d 369, 372 (Mo. App. 2001).

Given the plain language of Section 575.270.3's prohibition against parole eligibility in the context of the statute, we find that it applies only to the sentence for the tampering conviction. The plain language bars parole eligibility for persons convicted "under this section" -- not "this and any other section." Additionally, the plain language states that persons convicted under this section "shall not be eligible for parole" -- not "shall never be eligible for parole." Moreover, the prohibition against parole eligibility is contained in the penalties subsection of the statute, immediately following the legislature's classifications of the offense for punishment purposes. The implication is that the prohibition against parole eligibility refers back to those prescribed punishments for the tampering conviction and is not a stand-alone provision that bans parole eligibility for any and all other present and future convictions. When read in its context, the plain language of § 575.270.3 cannot be so broadly interpreted as to institute an absolute, lifetime ban on parole eligibility.[8]

The Board further contends that Short is ineligible for parole on all of his sentences because it is not possible to calculate a parole eligibility date for

---

[8] In its brief, the Board argues that there are actually "two plausible readings of the statute: either the legislature prohibited parole only on the sentence for victim or witness tampering . . ., or the legislature created a life-time prohibition on parole." Thus, the Board is arguing that Section 575.270.3 is ambiguous. *State v. Graham*, 204 S.W.3d 655, 656 (Mo. banc 2006). Because we are able to discern the legislature's intent from the plain language of the statute, we do not find Section 575.270.3 to be ambiguous. We note, however, that a finding that the statute is ambiguous would not aid the Board's claim that Section 575.270.3 imposes a lifetime prohibition on parole, as we would construe the statute in Short's favor under the rule of lenity. *State v. Hardin*, 429 S.W.3d 417, 419 (Mo. banc 2014).

10

sentence groups one and two. Specifically, the Board argues that, because Section 217.690.5 provides that the parole eligibility date for consecutive sentences is calculated by adding together each consecutive sentence's minimum term for parole eligibility, the fact that the sentence in sentence group three has no minimum term for parole eligibility makes the Section 217.690.5 calculation "impossible."

That the sentence in sentence group three is for a non-parole eligible offense means that Short is not eligible for parole during the entire ten-year sentence. Essentially, then, sentence group three's "minimum term for parole eligibility," for purposes of the Section 217.690.5 calculation, would be ten years. Thus, Short's minimum term for parole eligibility for his consecutive sentences under Section 217.690.5 would be calculated by adding together sentence group one's minimum term for parole eligibility of one year and eight months, sentence group two's minimum term for parole eligibility of three years and four months, and sentence group three's "minimum term for parole eligibility" of ten years. Pursuant to this calculation, Short would be eligible for parole on his consecutive sentences after serving 15 years.[9] Accordingly, the circuit court erred in granting summary judgment based on its determination that Short's ineligibility for parole on sentence

---

[9] In its brief, the Board asserts that, if Short's sentences were structured differently and his sentence for the non-parole eligible offense were first-in-time, then it would be able to calculate a parole date after Short had completed his non-parole eligible sentence by following Section 217.690.5. The Board does not explain, and we fail to see, how adding the ten years to the minimum parole eligibility terms of the other two sentence groups at the end, rather than the beginning, of the Section 217.690.5 calculation renders a different outcome.

11

group three renders him ineligible for parole on all of his sentences.  Point II is granted.

## CONCLUSION

The circuit court's judgment is affirmed on the Board's calculation of Short's conditional release date.  The judgment is reversed with regard to the determination of Short's parole eligibility, and the case is remanded for further proceedings consistent with this opinion.

_____
LISA WHITE HARDWICK, JUDGE


ALL CONCUR.

12