

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **DIMETRIOUS WOODS,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **WD77882** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **November 24, 2015** |
| **MISSOURI BOARD OF PROBATION** | ) | |
| **AND PAROLE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division Three:** Joseph M. Ellis, Presiding Judge, and
Karen King Mitchell and Gary D. Witt, Judges

Dimetrious Woods appeals the grant of summary judgment in favor of the Missouri Board of Probation and Parole on Woods's petition for declaratory judgment. Woods sought declarations concerning his conditional release date and parole eligibility on sentences arising from multiple convictions. Because the trial court incorrectly calculated the date on which Woods becomes eligible for parole, although not in the manner that Woods argues, we reverse the trial court and enter the judgment the trial court should have entered.

## Background

In February of 2007, Woods was convicted of unlawful use of a weapon. The Circuit Court of Boone County sentenced him to four years' imprisonment in the Missouri Department

of Corrections. Because Woods had a prior commitment to the Department, he was required to serve forty percent of the four-year sentence before he was eligible for parole. § 558.019.[1] In November of 2007, the Board notified Woods that he was scheduled to be released from confinement on September 18, 2008.

In December 2007, Woods was convicted of second-degree drug trafficking. The Circuit Court of Clay County found Woods to be a prior drug offender and sentenced him to twenty-five years' imprisonment in the Department, to be served consecutively to his Boone County sentence. In February of 2008, following the Clay County conviction, the Board notified Woods that his previous release date had been canceled, and he was scheduled to be released from confinement on October 11, 2029, his conditional release date. The Board also notified Woods that he was ineligible for parole due to the Clay County Circuit Court's finding that he was a prior drug offender.

Woods filed a petition for declaratory judgment, challenging the Board's determination that he was ineligible for parole. Woods argued that he should be parole eligible on September 17, 2028. The Board filed a motion for summary judgment, which the trial court granted. The trial court determined that the Board correctly calculated Woods's conditional release date and did not err in canceling Woods's parole release date "when the imposition of a new sentence rendered him ineligible for release."

Woods timely appealed.

**Standard of Review**

"'Our review of a grant of summary judgment is essentially *de novo*.'" *Powell v. City of Kansas City*, WD 78138, 2015 WL 5821845, at *4 (Mo. App. W.D. Oct. 6, 2015) (quoting

---

[1] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the current Cumulative Supplement, unless otherwise noted.

*Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 4 (Mo. App. W.D. 2013)). "'The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially.'" *Id.* (quoting *Frye v. Levy*, 440 S.W.3d 405, 407 (Mo. banc 2014)). "'Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law.'" *Id.* (quoting *Frye*, 440 S.W.3d at 407). "'The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record.'" *Id.* at *5 (quoting *Shiddell v. Bar Plan Mut.*, 385 S.W.3d 478, 483 (Mo. App. W.D. 2012)).

## Analysis

Woods argues that the trial court erred in determining that he is ineligible for parole at any point during his sentence. Under Woods's calculations, he believes that he is eligible for parole on September 17, 2028, over a year before the Board's calculated conditional release date.[2] Woods's calculation, however, is based on a misunderstanding regarding the difference between parole and conditional release.

"While conditional release is akin to parole, the two are not identical or interchangeable terms." *Edger v. Mo. Bd. of Prob. & Parole*, 307 S.W.3d 718, 721 (Mo. App. W.D. 2010). "The operation of conditional release is specifically dictated by statute, while parole is almost entirely left to the discretion of the Parole Board." *Id.* "Section 558.011.4 specifies the time tables under

---

[2] In his point relied on, Woods argues that the circuit court erred in granting the Board's motion for summary judgment because there is a genuine issue of material fact. But he does not identify a factual dispute. Rather, in his argument, Woods contends that the Board inaccurately calculated his parole eligibility date, a calculation that is made as a matter of law. "[A]n appellant abandons any claim of error as to an issue not raised in its points relied on in its appellant's brief." *Kabir v. Mo. Dep't of Soc. Servs.*, 845 S.W.2d 102, 103 (Mo. App. W.D. 1993). However, because we are generally able to understand the nature of the claim presented, and because the Board was clearly able to understand and effectively address the claim in its responsive brief, we exercise our discretion to review Woods's claims *ex gratia. See Powell v. City of Kansas City*, WD 78138, 2015 WL 5821845, at *4 n.9 (Mo. App. W.D. Oct. 6, 2015).

3

which an offender is entitled to be conditionally released, although a conditional release date can be extended if the procedures of [§] 558.011.5 are followed." *Id.* "On the other hand, [§] 217.690 allows the Parole Board to determine if and when an offender may be released on parole." *Id.* "'With the exceptions of the mandatory minimum sentences set forth in statutes or 14 C.S.R. 80-2.010, offenders can be paroled virtually anytime during their sentence at the discretion of the Parole Board under conditions set by the Board.'" *Id.* (quoting *Cooper v. Holden*, 189 S.W.3d 614, 618 (Mo. App. W.D. 2006)). "This also means that the Parole Board can deny parole to an offender throughout his or her entire sentence." *Cooper*, 189 S.W.3d at 618.

Because both are at least tangentially relevant to our decision, we will review Woods's conditional release and his parole eligibility dates.

**I.     Woods is eligible for conditional release on October 11, 2029.**

"[S]ection 558.011 provides that a sentence of imprisonment consists of a prison term and a conditional release term." *Short v. Mo. Bd. of Prob. & Parole*, 456 S.W.3d 72, 75 (Mo. App. W.D. 2015). "During the conditional release term, which is the last few months or years of a sentence, the offender is discharged, subject to the Board's conditions and supervision." *Id.* at 75-76; § 558.011.4(2). "The portion of the sentence before the conditional release term is the prison term." *Id.* at 76. "Section 558.011.4(1) specifies the conditional release terms for all lengths of sentences." *Id.*

In this case, Woods received two sentences that run consecutively to each other. "This court has ruled that, in determining the conditional release date on consecutive sentences, the offender is to serve all of his prison terms consecutively, followed by the consecutive running of the conditional release terms." *Id.* Woods was sentenced to four years on his unlawful use of a weapon conviction, and twenty-five years for second-degree drug trafficking.

Section 558.011.4(1) sets "[o]ne-third of the term" as the conditional release portion of a four-year term, meaning that Woods must serve two years and eight months of his first sentence, which began on February 13, 2007, and ended on October 12, 2009. At that point, the calculation of the conditional release date on the twenty-five-year sentence began, of which § 558.011.4(1) sets twenty years as the prison term, and five years as the conditional release term. Accordingly, Woods's prison term expires on October 11, 2029, his conditional release date.

**II.  Woods is eligible for parole on September 17, 2033.**

"[B]ecause parole and conditional release are distinct, [§] 217.690 and 14 CSR 80-2.010 govern the calculation of parole eligibility and not [§] 558.011, which governs conditional release." *Id*. at 77. The parole eligibility date is arrived at "by simply adding together the minimum parole eligibility term[s]" for each sentence. *Id*. The parties agree that Woods has a prior commitment with the Department of Corrections, which means that he must serve at least "forty percent of his . . . [four-year] sentence," or roughly nineteen months. § 558.019.2(1). This date coincides with Woods's original release date of September 18, 2008. The parties also agree that, as a prior drug offender, Woods is ineligible for parole on the twenty-five-year term under § 195.295.3. When this is the case, the full length of the sentence to which parole does not apply, becomes the "minimum term for parole eligibility," for purposes of adding the minimum terms together. *Short*, 456 S.W.3d at 79. Woods is therefore eligible to be considered for parole on September 17, 2033.

In arguing that he should be eligible for parole in September of 2028, Woods proposes adding the minimum parole eligibility term for his four-year sentence (nineteen months) to the minimum prison term (conditional release eligibility) of the twenty-five-year sentence (twenty years). *Short* rejected this precise argument, dismissing it as being "based upon . . . confusion

5

between conditional release and parole." 456 S.W.3d at 75. Woods may not mix and match parole eligibility and conditional release dates to come to a desired release date. Rather, the parole eligibility date is reached by adding up the minimum eligibility terms for each sentence, and the conditional release date is determined by adding together the prison terms.

The trial court also incorrectly determined the parole eligibility date. In support of its summary judgment motion, the Board argued that, because Woods was found to be a prior drug offender, and must therefore serve the entire twenty-five-year sentence "without probation or parole" under § 195.295.3, Woods was therefore ineligible for parole for the entire term of his consecutive sentences. The trial court agreed. The trial court issued its judgment before our decision in *Short*, in which we determined that statutory prohibitions on parole apply only to the sentence for which parole is prohibited, and do not institute a "lifetime ban on parole . . ., regardless of whether any other crime committed by the offender allows for parole." 456 S.W.3d at 78.

The Board acknowledges that the trial court's judgment is in error under *Short*, but nevertheless urges us to affirm because Woods's conditional release date, which has been correctly calculated, is his earliest release date by nearly four years, meaning he has not been harmed. The Board's suggestion has some persuasive appeal, as "this [c]ourt is primarily concerned with the correctness of the result, not the route taken to reach that result," and the trial court's judgment did state Woods's earliest release date. *Trimble v. Pracna*, 167 S.W.3d 706, 716 (Mo. banc 2005). But Woods filed a petition for declaratory judgment requesting, among other things, a definitive determination of his earliest parole eligibility date, and the Board has not offered any argument as to why he is not entitled to that. Additionally, a conditional release date "may be extended up to a maximum of the entire sentence of imprisonment by the [B]oard"

6

under certain circumstances. § 558.011.5. The entire twenty-nine-year sentence will not end until February of 2036, years after Woods will have become eligible for parole.

The sole point on appeal is granted.[3]

## Conclusion

For the reasons stated above, we reverse the judgment of the trial court. "'[W]hen a trial court fails to make a [correct] declaration settling rights, . . . a reviewing court may, in its discretion, make the declaration that should have been made.'" *State ex rel. Koster v. Charter Commc'ns, Inc.*, 461 S.W.3d 851, 859 (Mo. App. W.D. 2015) (quoting *Vowell v. Kander*, 451 S.W.3d 267, 272 (Mo. App. W.D. 2014)); Rule 84.14 (Appellate courts are authorized to issue "such judgment as the court ought to give. Unless justice otherwise requires, the [appellate] court shall dispose finally of the case."). Here, there is no dispute about the material facts, only the application of the law to those facts. We exercise our discretion to enter the judgment that should have been entered by the trial court: the Board correctly set Woods's early release date on October 11, 2029; Woods will be eligible for parole for the sentences he is currently serving on September 17, 2033.

_____
Karen King Mitchell, Judge

Joseph M. Ellis, Presiding Judge, and Gary D. Witt, Judge, concur.

---

[3] Taken with the case were the Board's Motion to Dismiss or in the Alternative Motion for Remand, and Woods's Motion to Grant Relief on the Merits or in the Alternative Motion for Remand. To the extent that the motions request relief different than that granted in this opinion, they are denied.